RECEIVED
IN LAKE CHARLES, LA
APR 18 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20110 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| DAVID RANDAL SMITH | : | MAGISTRATE JUDGE WILSON |

### MEMORANDUM RULING

Presently before the court are two sets of objections by the defendant to the Presentence Report ("PSR") prepared by the Probation Department.

In objections dated December 6, 2006, the defendant asserts that the PSR does not have a sufficient indicia of reliability to be the basis of the guideline range submitted by Probation. The facts contained in the PSR generally bear sufficient indicia of reliability to be considered by a district court; the defendant bears the burden of showing the information is untrue or unreliable if the court relies on it. *United States v. Rome,* 207 F.3d 251, 254 (5th Cir.2000). Absent rebuttal evidence the district court may reasonably rely on the PSR. *U.S. v. Roach,* 2006 WL 2861802, *6 (C.A.5 (Tex. (C.A.5 (Tex.), 2006).

The offense report completed by the Leesville Sheriff's Department states that the defendant accompanied officers while they searched his residence. Smith led them to the weapons and indicated that they were his. Regardless of whether Smith owned the weapons, they were under his control and this is sufficient for the U.S.S.G. §2K2.1(b)(1) enhancement.

Among the weapons shown to the officers was a stainless steel, Charter Arms, .38 caliber,

undercover revolver pistol. Smith advised officers that it had been given to him by a man who had been living there in lieu of paying rent. The defendant also advised officers that the gun may have been stolen. This is sufficient for the U.S.S.G. §2K2.1(b)(4) enhancement.

As part of the instant offense, the defendant pleaded guilty to Distribution of Marijuana. At the time of the arrest, the defendant was in possession of marijuana, which was located on the floor board of his vehicle, with a firearm located under the driver's seat. This is sufficient for the U.S.S.G. §2K2.1(b)(5) enhancement.

In his second set of objections dated December 11, 2006, the defendant objects to the assessment of 14 points pursuant to U.S.S.G. § 2K2.1(A)(6)(a). U.S.S.G. § 2K2.1(b)(2) provides that a defendant's base offense level should be decreased to six "[i]f the defendant ⋯ possessed *all* ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition." § 2K2.1(b)(2) (emphasis added); *U.S. v. Collins*, 201 Fed.Appx. 273, 274, 2006 WL 2852866, **1 (C.A.5 (Tex. (C.A.5 (Tex.), 2006). The defendant argues that his firearms were for hunting and collecting. In order to receive a reduction in his offense level *all* of the ammunition or firearms must be possessed solely for lawful sporting purposes or collection. At the time of the offense, a loaded .38 caliber pistol was found under the driver's seat of the vehicle the defendant was driving. The firearm was possessed in connection with another felony offense, distribution of marijuana. The possession of this firearm precludes the defendant from receiving a reduction in his offense level pursuant to U.S.S.G. §2K2.1(b)(2).


The defendant's objections are overruled.

Lake Charles, Louisiana, this 18 day of April, 2007.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE