UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

RECEIVED
IN LAKE CHARLES, LA
SEP 24 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:04 CR 20110 |
| VS. | : | JUDGE MINALDI |
| DAVID RANDALL SMITH | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is the matter of forfeiture of firearms seized from the vehicle and residence of the defendant, David Randall Smith ("Smith"). A hearing was held on April 18, 2007 and this matter was taken under advisement.

Smith pleaded guilty to distribution of marijuana in violation of 21 U.S.C. §841(a)(1) and possession of a firearm by a convicted felon in violation of 18 U.S.C § 922(G)(1), which subjected the firearms to forfeiture pursuant to 18 U.S.C. § 924(d)(1).[1] Count 3 of the Indictment listed 27 firearms subject to forfeiture. As part of the plea agreement, the defendant executed an "Agreement to Abandon Property" in which he asserted that he is the rightful owner of two firearms:

1) A Remington 12 gauge pump shotgun, Model 870, bearing serial number S744826M and

2) A Winchester Model 94 .30-.30 caliber lever action rifle, bearing serial number 2946370.

---

[1] *See U.S. v. Twenty Seven (27) Assorted Firearms,* 2005 WL 2645010, *4 (W.D.Tex. 2005)

The Government has moved for a forfeiture of all the firearms listed in Count 3 of the Indictment.

The Comprehensive Drug Abuse Prevention and Control Act of 1970, Pub.L. No. 91-513, § 511, 84 Stat. 1276, permits forfeiture of "[a]ll real property ... which is used ... to commit, or to facilitate the commission of, a violation of the [Controlled Substances Act] punishable by more than one year's imprisonment."[2] Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub.L. No. 106-185, 114 Stat. 202, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture."[3] The government "may use both circumstantial evidence and hearsay," and the district court should evaluate the evidence presented with "a common sense view to the realities of normal life."[4] "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute."[5] In asserting such a defense to forfeiture, a claimant has the burden of proving that he is an innocent owner of the property by a preponderance of the evidence.[6] An innocent owner does not know of the conduct giving rise to forfeiture.[7]

The evidence introduced at the forfeiture hearing established that Smith was stopped on

---

[2]   21 U.S.C. § 881(a)(7).

[3]   18 U.S.C. § 983(c)(1); *von Hofe v. U.S,*. 2007 WL 1839737, *1 (C.A.2 (Conn.), 2007).

[4]   *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1440 (11th Cir.1991) (quotations omitted).

[5]   18 U.S.C. § 983(d)(1).

[6]   18 U.S.C. § 983(d)(1).

[7]   18 U.S.C. § 983(d)(2)(A)(i); *U.S. v. One 28 Foot Contender Motor Vessel,* 2007 WL 1999680, *1 (C.A.11 (Fla.), 2007).

January 23, 2003 for a red light violation. Officer Sylvester Denman, a police officer for the City of Leesville, Louisiana, testified that Smith was aggressive and smelled of marijuana. Officer Denman called for backup. In the vehicle with Smith when he was stopped were his son, Bryan Smith, and a friend, Ronnie Mayo. The officers found a tin of marijuana and a firearm in the vehicle (Transcript, p. 6). Smith stated that the firearm had been given to him for rent. (Transcript, p. 6).

As a result of the contraband and firearm being found in the vehicle, the officers requested and received consent to search Smith's residence. (Transcript, p. 7). When they arrived at the residence, the officers found many firearms throughout the house. Officer Denman testified that Smith indicated that all of the firearms were his (Transcript, p. 7). All of the firearms were seized and removed from the residence.

On cross-examination, Smith testified that he had only purchased one of the firearms and that all of the others had been purchased by is wife or mother. (Transcript, p. 16) . The entire Smith family, Smith, his wife, two teenage sons, his mother and father are all avid hunters. (Transcript, p. 17, 27) .

Bryan Smith testified that fifteen of the firearms seized belong to him. (Transcript, pp.15-20). He had received them as gifts from his mother or grandmother and he used them for hunting.

Smith's wife, Tina Smith, testified that none of them knew that it was a violation of the law for her husband to possess a firearm after he finished probation. (Transcript, p.28). While he was on probation, there were no firearms in the house, they were all removed to his parents' home. (Transcript, p.29). After he finished probation, the firearms were moved back, he purchased a gun and had a valid hunting license. (Transcript, p.29). She also testified that the 38 caliber Infield

found under the seat of the vehicle at the time David Smith was stopped was her gun. She is a rural route mail carrier and kept the gun for protection. (Transcript, p. 27).

Smith's son Chad also testified that several of the firearms seized from the house were his.(Transcript, p. 33).

Phillip Jackson's deposition was admitted into evidence as he is currently deployed with Blackwater in Iraq. Jackson was with the Vernon Parish Sheriff's Office and he assisted in the search of the residence. Jackson testified that on January 31, 2003, the defendant's parents advised him that some of the firearms belonged to them and some of the firearms belonged to Smith's sons ( Deposition of Jackson, p. 18). Jackson further testified that he has known this family for a long time and knows them all to be avid hunters.

Tina Smith, Bryan Smith and Chad Smith all openly testified about their use of marijuana with the defendant.

Having considered the testimony and the evidence in this case, the court finds that the government has met its burden of proof with regard to two firearms:

1)   Ruger, 10/20, #247-56130, semi-automatic[8] and

2)   Interarms .22 caliber rifle, model 22ATD, serial number 720740.[9]

The defendant shall forfeit these two firearms, in addition to the two firearms listed in the Agreement

---

[8]   Receipt dated February 19, 2001, Govt Ex. 45 #3

[9]   Govt. Ex 43, ATF Form 1323.9

to Abandon property.[10]   The forfeiture will be denied as to all remaining firearms and the government will be ordered to return them to their registered owners.

Lake Charles, Louisiana, this ___ day of _____, 2007.

PATRICIA MINALDI
UNITED   STATES   DISTRICT   JUDGE

---

[10]   The Remington 12 gauge pump shotgun, Model 870, bearing serial number S744826M and the Winchester Model 94 .30-.30 caliber lever action rifle, bearing serial number 2946370.

5